UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
ANTONIO CHRISTOPHER SANCHEZ
*aka* Tony C. Sanchez
        Debtor.

Case No. 7-18-12437-JS

## STIPULATED ORDER RESULTING FROM HEARING ON MOTION FOR RELIEF

This matter came before the Court at the on the Motion for Relief from Automatic Stay for the Abandonment of Property by Fidelity Bank ("Creditor"), filed on October 24, 2018, (DOC 11) (the "Motion") and the Debtor's Response to the Motion filed on November 14, 2018 (Doc14). The matter was brought before the Court at a Preliminary Hearing held on January 3, 2019 at 9:00AM. The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

    (a)    On October 24, 2018, Creditor served the Motion and a notice of the Motion (the "Notice") on Albert W. Schimmel, III, Attorney for Debtor, and Yvette J. Gonzales, (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor Antonio Christopher Sanchez, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

    (b)    The Motion relates to the property located at 1303 Fry St Espanola, New Mexico 87532, more fully described as:

> Tract A, as shown and delineated on plat of survey entitled "Boundary and Lot Split Survey for Tony C. Sanchez, a parcel of land containing two tracts lying within and being a portion of the Santa Cruz Grant in projected Section 35, Township 21 North Range 8 East, N.M.P.M. vicinity of Fairview (City of Espanola), County of Rio Arriba, State of New Mexico," filed on November 21, 2007 in Plat Book L1, Page 41, records of Rio Arriba County, New Mexico.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

(c) The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The Debtor filed a Response to the Motion on November 14, 2018;

(f) No other party in interest filed an objection to the Motion;

(g) The Motion is well taken and was granted at the hearing held on January 3, 2019; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Creditor certifies under penalty of perjury that, on the date this Order was presented Rose L. Brand & Associates, P.C. searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Creditor and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a) To enforce its rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such

as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

      (b)    To exercise any other right or remedy available to it under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Creditor need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, in the event that a discharge order is entered. The Debtor can be named as a defendant in litigation to obtain judgment or to repossess the Property in accordance with applicable non-bankruptcy law, pursuant to any discharge order entered.

4. This Order does not waive Creditor's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property. Creditor may filed an amended proof of claim this bankruptcy case within thirty (30) days after a foreclosure sale of the Property, should it claim that Debtor owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7. Creditor is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtor and to enter into a loan modification with the Debtor.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By: */s/Andrew P. Yarrington*
ANDREW YARRINGTON
Attorney for Creditor
7430 Washington NE
Albuquerque, NM 87109
Telephone: (505) 833-3036
Andrew.Yarrington@roselbrand.com


APPROVED BY:

*Approved via Email on 1/22/2019*
Albert W. Schimmel, III
Attorney for Debtor
320 Gold Ave SW, Suite 1125
PO Box 8
Albuquerque, NM 87103-0008
Telephone: 505-837-4400
spike@schimmellaw.com



Copied to:

Antonio Christopher Sanchez
709 Glenwood
Espanola, NM 87532

Yvette J. Gonzales
Chapter 7 Trustee
PO Box 1037
Placitas, NM 87043-1037
Telephone: (505) 771-0700